The Honorable Randy Laverty State Senator Post Office Box 165 Jasper, Arkansas 72641
Dear Senator Laverty:
I am writing in response to your request for an opinion on the following matter on behalf of a constituent:
 Are there any laws or regulations promulgated by any state agency that govern how businesses manage non-real estate escrow accounts? In other words, do any laws in this State provide any type of accountability for the management or mismanagement of non-real estate escrow accounts?
As I understand the nature of the question, your constituent is concerned about whether there are rules or regulations governing the operations of an abstract and title company handling an escrow account and whether and how an audit of the escrow account might be performed.
RESPONSE
I am unable to determine the nature of the escrow account from the information that has been provided to me. While I have not found any applicable regulations or laws governing the administration of an escrow account of the type you describe, I do note that the contract creating the escrow account is subject to the general law of contract, and a private attorney may be able to advise your constituent on the proper course of action.
My research has not located any state regulations or code sections that directly bear on the issue raised. In Op. Att'y Gen. 95-042, my predecessor noted a lack of law or regulation governing title companies when addressing whether a title company was obligated to use an escrow account in the closing of real estate transactions. Id. While abstract companies are regulated by the State, the regulations bear only on the abstracting aspect of the business and do not touch upon the management of escrow accounts. See generally A.C.A. §§ 17-11-101 through -343 (Repl. 2001). Additionally, the Arkansas Title Insurance Agent's Insurance Licensing Board, created in 2001, does not address the administration of escrow accounts by title insurance agents.[1] See generally A.C.A. §§23-103-101 through -316 (Repl. 2004).
With respect to escrow accounts however, a company managing an escrow account is in a fiduciary relationship with the beneficiaries of said account. See, e.g. Tucker v. Pulaski Fed. S. L., 252 Ark. 849,481 S.W.2d 725 (1972) (noting that a company retaining the interest earned on escrow accounts as profit for the holding company may be in violation of fiduciary duties). Additionally, any contract establishing the escrow relationship will be subject to judicial interpretation and enforcement. In such an instance, consultation with a private attorney and analysis of the specific terms of the private contractual relationship would be prudent.
Assistant Attorney General Joel DiPippa prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:JMD/cyh
[1] The General Assembly considered expanding the regulatory authority of the Title Insurance Agent's Licensing Board to include escrow agents and the administration of escrow accounts in the 2005 Session. See House Bill 2678 of 2005. The bill did not pass out of committee and died when the General Assembly adjourned sine die on May 13, 2005.